IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENZO SEGURA,

        Plaintiff,                  No. CIV S-08-2477 KJM P

       vs.

T. FELKER, et al.,                  ORDER AND

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant McGuire (defendant) is an employee of the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison. Defendant's motion to dismiss is before the court.

I. Sur-reply

        Defendant requests that plaintiff's sur-reply regarding the motion be stricken. Sur-replies concerning motions are generally not permitted, and plaintiff did not seek leave to file a sur-reply. See Local Rule 230(l). Therefore, the sur-reply will not be considered.

/////

/////

/////

1

II. <u>Analysis</u>

This action is currently proceeding against defendant for an alleged violation of the Eighth Amendment. Plaintiff asserts defendant failed to protect him from an inmate assault occurring on January 31, 2007. Am. Compl. ¶ 24.

Defendant asserts plaintiff's complaint must be dismissed because plaintiff failed to exhaust administrative remedies with respect to his claim before filing suit. A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Id</u>. at 1120. If the district court concludes the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. <u>Id</u>.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. <u>See</u> Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him. Exhaustion during the pendency of the litigation will not save an action from dismissal. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendants bear the burden of proving plaintiff's failure to exhaust. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir.), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>, <u>Alameida v. Wyatt</u>, 540 U.S. 810 (2003).

/////

/////

Defendant presents evidence indicating plaintiff did not exhaust the prisoner grievance procedure with respect to the claim remaining in this action.[1]  Specifically, plaintiff did not file any lower level or Director's Level appeal regarding any alleged failure to protect.  See Decl. of W.N. Grannis & Ex. A; Decl. of T. Robertson & Ex. A.  Plaintiff counters that he did file a grievance concerning defendant and the events of January 31, 2007.  Exhibit A attached to plaintiff's opposition appears to be a copy of the grievance, dated November 28, 2007.  See Opp'n at 14-15.[2]  The grievance was screened out because it was filed well beyond the 15-day time limit for initiating an appeal.  Cal. Code Regs. tit. 15, § 3084.6(c).[3]  The Supreme Court has held that an agency's deadlines generally must be complied with to effect proper exhaustion of administrative remedies.  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Because plaintiff filed his grievance after the deadline, without providing an explanation to excuse the timeliness requirement, and because he fails to point to anything else suggesting he properly exhausted administrative remedies with respect to his Eighth Amendment claim remaining in this action, this action must be dismissed.

/////

/////

---

[1] Defendant requests that the court take judicial notice of two declarations submitted in support of his motion.  While the court may consider the declarations subject to the Rules of Evidence, the court does not take judicial notice of declarations; it takes judicial notice of facts not subject to reasonable dispute.  See Fed. R. Evid. 201.  In other words, a proper request for judicial notice includes identification of specific facts the court is requested to notice as true.  Defendant does not specifically identify such facts in his request.

[2] Page references are to those assigned by the court's CM/ECF system.

[3] In documents attached to his opposition, plaintiff suggests that he actually had a year under California law to file his grievance.  Opp'n at 21.  This is incorrect.  Non-inmates have one year within which to file a "citizen's complaint" against a CDCR peace officer.  Cal. Code Regs. tit. 15 § 3391(b).  Inmates filing a "citizen's complaint" against a peace officer–meaning a complaint against a CDCR peace officer that alleges misconduct–must still utilize the CDCR grievance and appeal procedure.  Cal. Dep't of Corrections and Rehab. Operations Man. at § 54100.25.1.  As indicated above, prisoner grievances must be filed within 15 days.  Cleveland v. Dennison, No. 06cv1578-WQH (BLM), 2007 WL 4632095, at *5 (S.D. Cal. Dec. 4, 2007) (findings and recommendations), adopted, 2008 WL 667416 (S.D. Cal. Mar. 6, 2008).

In light of the foregoing, the court need not reach defendant's argument that this action should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike plaintiff's sur-reply (docket #30) is granted;

2. Plaintiff's October 19, 2010 sur-reply regarding defendant's motion to dismiss is stricken; and

3. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Defendant McGuire's motion to dismiss (docket #23) be granted; and

2. This case be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 17, 2010.

U.S. MAGISTRATE JUDGE

segu2477.57